State ex rel. L. S. T. & T. R. Co. v. Railroad Commission, 140 Wis. 182.

For the appellant there was a brief by *J. A. Murphy*, attorney, and *W. M. Steele*, of counsel, and oral argument by *Louis Hanitch* and *Charles Donnelly*.

For the respondents there was a brief by the *Attorney General* for the *Railroad Commission*, by *Luse, Powell & Luse*, attorneys for the Minneapolis, St. Paul & Sault Ste. Marie Railway Company and the *Wisconsin & Northern Minnesota Railway Company*, and by *Alfred H. Bright*, of counsel; and the cause was argued orally by *Mr. L. K. Luse* and *Mr. Bright*.

The following opinion was filed June 3, 1909:

KERWIN, J. This case is ruled by *State ex rel. Northern Pac. R. Co. v. Railroad Commission*, ante, p. 145, 121 N. W. 919.

*By the Court.*—The judgment of the court below is modified so as to affirm the order of the *Railroad Commission* without prejudice to the appellant's right to recover all damages as indicated in the opinion in *State ex rel. Northern Pac. R. Co. v. Railroad Commission*, ante, p. 145, 121 N. W. 919, and as so modified is affirmed. No costs are allowed either party upon this appeal except that respondents pay the clerk's fees.

WINSLOW, C. J., and BARNES, J., dissent.

A motion for a rehearing was denied October 5, 1909.

STATE EX REL. LAKE SUPERIOR TERMINAL & TRANSFER RAILWAY COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN and others, Respondents.

*March 31—October 5, 1909.*

*State ex rel. Northern Pacific R. Co. v. Railroad Commission, ante, p. 145, followed.*

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Modified and affirmed.*

For the appellant there was a brief by *J. A. Murphy*, attorney, and *W. M. Steele*, of counsel for the Great Northern Railway Company, and oral argument by *Louis Hanitch* and *Charles Donnelly*.

For the respondents there was a brief by the *Attorney General* for the *Railroad Commission*, by *Luse, Powell & Luse*, attorneys for the Minneapolis, St. Paul & Sault Ste. Marie Railway Company and the *Wisconsin & Northern Minnesota Railway Company*, and by *Alfred H. Bright*, of counsel; and the cause was argued orally by *Mr. L. K. Luse* and *Mr. Bright*.

Lind v. Uniform S. & P. Co. 140 Wis. 183.

The following opinion was filed June 3, 1909:

KERWIN, J.   This case is ruled by *State ex rel. Northern Pac. R. Co. v. Railroad Commission, ante*, p. 145, 121 N. W. 919.

*By the Court.*—The judgment of the court below is modified so as to affirm the order of the *Railroad Commission* without prejudice to the appellant's right to recover all damages as indicated in the opinion in *State ex rel. Northern Pac. R. Co. v. Railroad Commission, ante*, p. 145, 121 N. W. 919, and as so modified is affirmed. No costs are allowed either party upon this appeal except that respondents pay the clerk's fees.

WINSLOW, C. J., and BARNES, J., dissent.

A motion for a rehearing was denied October 5, 1909.

LIND, Administratrix, Respondent, vs. UNIFORM STAVE & PACKAGE COMPANY, Appellant.

*April 1—October 5, 1909.*

*Master and servant: Death of servant: Unguarded opening in vat: Statutory duty of master: Negligence: Assumption of risk: Contributory negligence: Evidence: Questions for jury: Instructions: Placing guards after accident: Order of proof: Burden of proof: Intoxication of decedent at other times.*

1. In an action for death of an employee in defendant's factory who fell into an unguarded opening caused by the raising of a trap door in the top of a tank of hot water, it is *held* upon the evidence to have been a question for the jury whether such opening could have been guarded by barriers or other safeguards without unreasonably interfering with the work which was being carried on and which could not be performed with the door closed.

2. Employees do not assume the risks arising from negligent failure of the employer to surround vats containing hot liquids with proper safeguards as required by sec. 1636*j*, Stats. (1898).

3. In an action for death of an employee caused by such negligence, contributory negligence of the deceased other than assumption of the risk may be shown and may constitute a defense.